

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
4:09 pm, Aug 01, 2017
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION     MDL No. 2570

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs and certain defendants[1] in the two actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring their actions to MDL No. 2570. The Cook defendants[2] oppose the motions to vacate.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions transferred to MDL No. 2570, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like many of the already-centralized actions, these actions involve factual questions arising from allegations that defects in the design of Cook's inferior vena cava filters make them more likely to fracture, migrate, tilt, or perforate the vena cava, causing injury. *See In re: Cook Med., Inc., IVC Filters Marketing, Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379 (J.P.M.L. 2014).

In support of the motions to vacate, movants argue that (1) federal subject matter jurisdiction is lacking; (2) plaintiffs allege unique medical negligence claims against their medical providers; and (3) transfer would cause movants prejudice, undue delay, and inconvenience. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] In the District of South Dakota action, Brian R. Baxter, M.D.; Radiology Associates Imaging Group, LLC, d/b/a Dakota Radiology; and Rapid City Regional Hospital (the healthcare defendants). Rapid City Regional Hospital alternatively requests the Panel separate and remand the claims against it to the District of South Dakota.

[2] In the action pending in the Northern District of California, Cook Group, Inc., Cook Medical LLC, and William Cook Europe, ApS. In the action pending in the District of South Dakota, Cook Incorporated; Cook Group Incorporated; Cook Medical LLC; Cook Research Incorporated f/k/a Medical Engineering and Development, Inc.; Cook Medical Technologies LLC; Cook Denmark Holdings ApS; Cook Group Europe ApS; Cook Nederland BV; and William Cook Europe ApS.

arguments to the transferee judge.[3] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). In fact, the transferee judge has ruled upon at least one motion to remand to state court. We also are not convinced that movants' purported inconvenience or prejudice makes transfer unwarranted. While transfer of a particular action might inconvenience or delay some parties to that action, such a transfer often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Ins. Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

The presence of medical negligence claims in these actions does not negate the efficiencies promoted by transfer. Products liability cases usually involve some plaintiff-specific factual issues, and these are not a bar to transfer. *See, e.g., In re: Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010). Moreover, MDLs involving medical devices often include similar claims against healthcare defendants. *See, e.g.,* Transfer Order (*Malcolm*), MDL No. 2327, ECF No. 1311, at p. 2 (J.P.M.L. Oct. 17, 2013) ("There are numerous medical negligence claims pending in MDL No. 2327 against various healthcare defendants, most of whom are not named in more than one action.").

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable Richard L. Young for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

| Charles R. Breyer | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

---

[3] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION  MDL No. 2570

## SCHEDULE A

Northern District of California  SD/IN: 1:17-cv-06076-RLY-TAB

BERMAN-CHEUNG, ET AL. v. COOK GROUP, INC., ET AL., C.A. No. 5:17-02564

District of South Dakota  SD/IN: 1:17-cv-06077-RLY-TAB

JEWETT, ET AL. v. BAXTER, M.D., ET AL., C.A. No. 5:17-05036